# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 22-5256

**September Term, 2023**

FILED ON: SEPTEMBER 25, 2023

ROBERT M. MILLER,

      APPELLANT

v.

MARTIN J. GRUENBERG, CHAIRMAN, FEDERAL DEPOSIT INSURANCE CORPORATION, ET AL.,

      APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-03035)

Before: SRINIVASAN, *Chief Judge*, GARCIA, *Circuit Judge*, and RANDOLPH, *Senior Circuit Judge*.

## JUDGMENT

The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is:

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

\*    \*    \*

In 2020, the Federal Deposit Insurance Corporation placed employee Robert Miller on an indefinite suspension. Miller appealed to the Merit Systems Protection Board. In September 2021, an Administrative Judge issued an initial decision finding that the Agency should have ended the suspension. Although the Judge ordered the Agency to "retroactively restore" Miller and pay him "the appropriate amount of back pay with interest," the Judge's decision was silent on whether Miller should be afforded interim relief under Section 7701 of the Civil Service Reform Act during the pendency of an appeal to the Board. *See* 5 U.S.C. § 7701(b). The Agency appealed the Judge's decision without reinstating or paying Miller.

While the Board was considering the Agency's administrative appeal, Miller filed this civil

action.  *See* 5 U.S.C. § 7702(e).  He sought a preliminary injunction that would require the agency to restore his pay and benefits until the Board issued a final order.  The district court denied the motion, and Miller appealed.

Miller's motion relied on the Civil Service Reform Act, which provides that a "prevailing" employee "shall be granted the relief in the [Board's initial] decision" until "the outcome of any petition for review," with two exceptions.  5 U.S.C. § 7701(b)(2).  He argued that as a prevailing party, he was entitled to interim relief as a matter of law and that neither statutory exception applied.

The Agency now agrees.  The Board recently issued a precedential opinion holding that § 7701(b)(2) of the Act entitles prevailing employees to interim relief "by default."  *Stewart v. Dep't of Transp.*, 2023 M.S.P.B. 18 ¶ 10 (May 16, 2023).  In May 2023, the Board also issued a final order (1) vacating the Administrative Judge's finding that the Agency should have ended Miller's suspension and (2) holding that Miller was entitled to the interim relief described in the initial decision.

The Agency has conceded that it owes Miller back pay for the period between the initial and final decisions.  In August 2023, the Agency gave Miller this back pay, plus interest.  When an accepted payment fully satisfies a plaintiff's claim, the claim is moot.  *Campbell-Ewald Co. v. Gomez*, 557 U.S. 153, 163–64 (2016).  But at oral argument, Amicus stated that Miller disputes both the payment amount and the terms of his benefits.  So the appeal is not moot.

But injunctive relief is discretionary.  *See Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 193 (1978).  The Agency has represented that it is working to calculate the correct payment and benefits. We presume that federal officers will adhere to the law as pronounced by the court.  *Sanchez-Espinoza v. Reagan*, 770 F.2d 202, 208 n.8 (D.C. Cir. 1985) (Scalia, J.).  That law now includes Miller's statutory entitlement to back pay, so a preliminary injunction ordering that relief is unnecessary.

And, regardless, Miller did not show a probability of success on the merits.  His underlying civil action did not include any claims based on § 7701(b)(2).  Miller asked the district court to grant the preliminary injunction without "relying on any facts relating to the merits of [his] case."  The district court did not abuse its discretion in denying preliminary-injunctive relief based on a claim that was not presented in the case.

In addition to seeking back pay, Miller also requested various forms of nonmonetary relief. Any claim to interim reinstatement was mooted by the Board's final order.  *See* 5 U.S.C. § 7701(b)(2)(A).  Miller cannot be retroactively reinstated.  And Miller's other requests fall outside the scope of interim relief contemplated by the Act.

To the extent Miller based his nonmonetary claims not on the Act but on the district court's general equitable powers, the argument was inadequately developed and therefore forfeited.

Finally, any challenge to the substance of the Board's final order is outside the scope of this appeal.

The district court did not abuse its discretion in denying the preliminary injunction.

\* \* \*

This disposition is unpublished. *See* D.C. CIR. R. 36(d). The Clerk will withhold the mandate until seven days after any timely petition for rehearing or rehearing *en banc* is resolved. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk